FILED
2011 Nov-09  PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PETRU-AURELIAN SIMIONESCU,      }
                                }
    Plaintiff,              }
                                }      CIVIL ACTION NO.
v.                              }      2:10-cv-01518-WMA
                                }
BOARD OF TRUSTEES OF THE        }
UNIVERSITY OF ALABAMA,          }
                                }
    Defendant.              }

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of plaintiff, Dr. Petru-Aurelian Simionescu ("Dr. Simionescu"), to alter or amend the court's October 13, 2011, order granting summary judgment and dismissing this action with prejudice, filed pursuant to Federal Rule of Civil Procedure 59(e). Doc. 57. Dr. Simionescu has also filed an amendment to his Rule 59(e) motion, Doc. 59, and defendant, the Board of Trustees of the University of Alabama, for its division, the University of Alabama at Birmingham ("UAB"), has responded to the motion. Doc. 60. For the reasons that follow, the Rule 59(e) motion will be denied.

Rule 59(e) authorizes the filing of a written motion to alter or amend a judgment no later than 28 days after its entry. Fed. R. Civ. P. 59(e). However, reconsideration of a previous order is an extraordinary remedy that should be used only sparingly. *See, e.g., Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). As such, a Rule 59(e) motion must demonstrate

why the court should reconsider its previous decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla. 1996).  A Rule 59(e) motion may not be used to relitigate the same matters already determined by the court, *see Sussman*, 153 F.R.D. at 694, nor may it be used to raise arguments, or present evidence, that could reasonably have been raised or presented before the entry of judgment.  *See O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).  Courts have recognized four limited grounds on which a Rule 59(e) motion may be granted:

- To take account of an intervening change in controlling law

- To take account of newly discovered evidence

- To correct clear legal error

- To prevent manifest injustice.

1 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[5][a](3d ed. 1997).

Dr. Simionescu argues that his Rule 59(e) motion should be granted to 1) reflect additional evidence and 2) correct clear error and prevent manifest injustice.  To this end, he offers a laundry list of items of "additional evidence" that he contends supports a finding that his national origin and gender-based discrimination claims should be decided by a jury.  However, he

2

does not explain why he did not include this evidence in his response in opposition to UAB's motion for summary judgment. The Eleventh Circuit has held that where a party attempts to introduce previously unsubmitted evidence on a Rule 59(e) motion, the motion should be denied absent some showing that the evidence was unavailable before the judgment was rendered. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). Dr. Simionescu has made no showing that any of this evidence was previously unavailable to him. Accordingly, his motion is not due to be granted on the ground of "newly discovered evidence." *See Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 699 (M.D. Ala. 1995) (motion denied when "new evidence" was available at earliest stages of litigation but movant did not introduce evidence); *Prieto v. Storer Comms., Inc.*, 152 F.R.D. 654, 655 (M.D. Fla. 1994) (evidence available during pendency of summary judgment motion may not be subsequently introduced on Rule 59(e) motion).[1]

Dr. Simionescu also cites as "clear error" the court's failure

---

[1] Even if this evidence was previously unavailable to Dr. Simionescu, which the court has no reason to believe it was, he is using it in support of the same arguments he made prior to the court entering judgment. For example, many of his arguments relate to problems with his performance that were not UAB's stated reasons for his termination. Additionally, he continues to speculate that his colleagues and students conspired to undermine him, without admissible evidence to support these beliefs. He also reiterates that his former colleague, Dr. Tina Oliver, is a proper comparator for purposes of his disparate treatment claims, but the court has previously held that she is not.

to consider additional instances of Dr. Oliver receiving unfavorable evaluations and negative student feedback.[2] Additionally, he contends that the court incorrectly stated that he had no teaching responsibilities during his final year of employment at UAB, because he acted as a graduate advisor, began writing a book, and intended to build an experiment during that year.[3] Even if the court's rendition of the undisputed facts was, in minor respects, incorrect, Dr. Simionescu has made no showing that this resulted in manifest injustice. *See Wendy's Int'l*, 169 F.R.D. at 684 (combining the need to correct clear error with the need to prevent manifest injustice). Indeed, the court did not base its order on the alleged factual errors.[4] Accordingly, the Rule 59(e) motion is not due to be granted for clear error or manifest injustice.

For the foregoing reasons, Dr. Simionescu's motion to alter or amend a judgment, Doc. 57, is **DENIED**.

---

[2] In its memorandum opinion of October 13, 2011, the court considered that Dr. Oliver scored in the bottom (0-10) percentile in student evaluations for several classes she taught and received negative student evaluations.

[3] The court notes that none of these cited activities constitute "teaching" in the plain sense of that word.

[4] The court determined that Dr. Oliver is not similarly situated to Dr. Simionescu for purposes of his discrimination claims in part because she was an instructor and he was an assistant professor during the relevant time frame. As such, the court's consideration of additional poor evaluations and negative feedback she received would not change this fact.

Done this the 9th day of November, 2011.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE